IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.   19 – 79 |
| MIGUEL CARRILLO-ZAMARRIPA | : | |

### GOVERNMENT'S SENTENCING MEMORANDUM

The defendant awaits sentencing for his admitted reentry into the United States, after his lawful deportation, without first obtaining permission of the Attorney General of the United States or the Secretary for Homeland Security.   The government respectfully requests that the Court sentence the defendant to a term of imprisonment within the sentencing guidelines.  A sentencing hearing in this matter has been scheduled for Friday, June 28, 2019, at 1:30 PM.

I.   BACKGROUND

On March 8, 2019, the defendant entered an open guilty plea to one count of reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(1), arising from the defendant's illegal reentries into the United States, after his lawful deportations on February 23, 1993, February 29, 2000, and April 14, 2011.   The defendant is a native and citizen of Mexico.  On January 2, 2019, officers from Immigration and Customs Enforcement ("ICE") officers encountered and arrested the defendant at a residence in Reading, Pennsylvania.

The government respectfully recommends that the sentence here include a term of imprisonment within the advisory sentencing guideline range of 0 to 6 months.

II.     SENTENCING CALCULATION.

   A.   Statutory Maximum Sentence.

The statutory maximum penalty for a violation of 8 U.S.C. § 1326(a) and (b)(1), for a defendant whose removal was subsequent to a conviction for a felony, is 10 years imprisonment, a three-year period of supervised release, a $250,000 fine, and a $100 special assessment.

   B.   Sentencing Guidelines Calculation.

The United States concurs with the guideline calculation provided in the PSR. The defendant faces an advisory sentencing guideline range of 0 to 6 months imprisonment, based on a total offense level of 6 and a criminal history category of I. It is within this advisory guideline range that the government asks the Court to sentence the defendant.

III.    ANALYSIS

This Court may properly take notice of the harms caused to society by defendants who come to this country unlawfully, particularly those who then commit criminal acts while they are here.

The defendant engaged in serious criminal conduct. 18 U.S.C. § 3553(a)(2)(A) ("seriousness of the offense"). The defendant is a native and citizen of Mexico. The defendant has repeatedly entered the United States unlawfully. After his initial illegal entry to the United States, he was convicted of a felony drug offense and deported. He returned illegally and temporarily obtained legal status in the United States by falsely denying his criminal history and deportation record when applying as a lawful permanent resident in a program intended to keep families intact. When his fraudulent conduct was discovered, he was deported again. In fact, he has been deported from the United States no less than three times to date. Each time, he has

returned illegally.

The defendant has engaged in criminal activity of a type that indicates little regard for the well-being of society.  18 U.S.C. § 3553(a)(1) ("history and characteristics of the defendant").  The defendant has repeatedly demonstrated his willingness to put his own interests over the duly-enacted laws of the United States.

It is clear that deportation alone, without further punishment, has not, and will not, deter the defendant from illegally returning to the United States.  However, the recommended sentence shall protect society from future crimes of the defendant, at least while he is incarcerated, and shall demonstrate to others that the privileges and freedoms afforded by this country do not include unlawfully entering the country.  18 U.S.C. § 3553(a)(2) ("adequate deterrence," and "protect the public").

IV. CONCLUSION

Therefore, in sum, the government requests that the Court sentence the defendant to a term of imprisonment within the advisory sentencing guideline range.

Respectfully submitted,

WILLIAM M. McSWAIN
United States Attorney


 */s/ John Gallagher*
JOHN GALLAGHER
Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this date I caused a true and correct copy of the foregoing Sentencing Memorandum to be served through the electronic court system upon counsel for defendant:

Elizabeth Toplin, Esquire
Assistant Federal Defender
Federal Community Defender Office
540 West - The Curtis Center
601 Walnut Street
Philadelphia, PA, 19106

    /s/ John Gallagher
John Gallagher
Assistant United States Attorney

Date:   June 21, 2019